Filed 5/12/25  P. v. Avila CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>PAUL AVILA III,<br><br>    Defendant and Appellant. | G063613<br><br>(Super. Ct. No. 14NF2846)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge. Reversed and remanded with directions.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers and Alana Cohen Butler, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Paul Avila III appeals a postjudgment order denying his petition for resentencing under Penal Code section 1172.75.[1] Under that section, resentencing is generally required when the defendant is serving a sentence for a judgment that includes a prior prison term enhancement under former section 667.5, subdivision (b) (section 667.5(b)). Although Avila's judgment includes two such enhancements, the trial court determined he was ineligible for resentencing because their punishment was stricken at the time of sentencing. Avila contends that ruling was erroneous, and we agree. Following the Sixth District's recent opinion in *People v. Espino* (2024) 104 Cal.App.5th 188, review granted October 23, 2024, S286987 (*Espino*), and pending review of that issue by the California Supreme Court, we reverse the court's order and remand for resentencing.

## FACTS

In 2015, Avila was convicted of two counts of assault with a deadly weapon. The trial court also found true that he had served two prior prison terms for purposes of former section 667.5(b). The court sentenced Avila to an aggregate term of 18 years in prison. It imposed enhancements for the two prior prison terms but struck them "for purposes of punishment

---

[1] All further statutory references are to the Penal Code.

only."[2] A panel of this court affirmed the judgment on appeal. (*People v. Avila* (Sept. 12, 2016, G051707) [nonpub. opn.].)[3]

Effective January 1, 2020, the Legislature limited the applicability of section 667.5(b) to prior prison terms that were served for sexually violent offenses. (Stats. 2019, ch. 590, § 1.) It later afforded retroactive relief to those serving a sentence that includes a now-invalid prison prior enhancement. (Stats. 2022, ch. 58, § 12.) Avila petitioned the trial court to recall his sentence and resentence him pursuant to section 1172.75. The trial court found, and the parties do not dispute, that Avila appeared "on a list furnished by [the California Department of Corrections and Rehabilitation] to the Court of persons potentially eligible for relief pursuant to . . . sections 1172.75 or 1172.7."[4] But because Avila's punishment on his prison prior enhancements was stricken, the trial court determined he was ineligible for relief and denied his petition. Avila timely appealed.

## DISCUSSION

Avila contends the trial court erred in denying his resentencing petition. We agree.

Before 2020, section 667.5(b) "required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the

---

[2] Although Avila's abstract of judgment does not include two prison prior enhancements under section 667.5(b), the reporter's transcript from the sentencing hearing indicates, and the parties agree, that the court struck them "for purposes of punishment only."

[3] This court previously granted Avila's request to take judicial notice of the prior opinion in this case, remittitur, and the California Supreme Court order denying petition for review.

[4] This list is not in the record on appeal.

3

defendant had served a separate prior prison term and had not remained free of custody for at least five years." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379–380.) Effective January 1, 2020, section 667.5 was amended "by limiting the prior prison term enhancement to only prior terms for sexually violent offenses. [Citations.] Enhancements based on prior prison terms served for other offenses became legally invalid." (*People v. Burgess*, at p. 380.)

Those changes were made retroactive through the passage of subsequent legislation, including section 1172.75. (*People v. Monroe* (2022) 85 Cal.App.5th 393, 399.) The statute declares that any prior prison term enhancement that was imposed before 2020 for a crime other than a sexually violent offense is legally invalid. (§ 1172.75, subd. (a).) It also provides an ameliorative remedy when the defendant's judgment includes such an enhancement. Indeed, the statute *requires* the trial court to recall the sentence and resentence the defendant in that situation. (§ 1172.75, subd. (c).) Resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).)

The question we must decide is whether section 1172.75 requires resentencing when a defendant has sustained a prior prison term enhancement under former section 667.5(b) but the trial court struck its punishment at the time of sentencing. Pending direction from the California

Supreme Court, we follow the reasoning of the majority opinion in *Espino, supra,* 104 Cal.App.5th 188, review granted, and conclude that it does.[5]

Reviewing the meaning of section 1172.75 de novo, *Espino, supra,* 104 Cal.App.5th 188, review granted, determined the statute "should be interpreted according to the ordinary meaning of the word 'impose' and therefore [should apply] whenever a prison prior is included in a judgment, whether the prior is executed, stayed, or punishment is struck." (*Espino*, at p. 194.) While recognizing that a defendant suffers no immediate adverse consequences when the punishment for his prison priors has been stricken, *Espino* found it significant that the enhancement remains on the judgment in that situation and "may adversely impact the defendant in other ways such as restricting the ability to accrue conduct credits or subjecting the defendant to additional punishment for future convictions." (*Id.* at p. 201.) *Espino* held that this potential for future adverse consequences is sufficient to trigger the protections afforded in section 1172.75. (*Ibid.*)

This case presents the same circumstance referenced by the *Espino* court. Because Avila's prior prison term enhancements were imposed and only their punishment was stricken, the enhancements are still included

---

[5] In addition to granting review in *Espino*, which involved a request for resentencing where the punishment for a now-invalid prison prior enhancement had been stricken, the California Supreme Court has granted review to resolve a conflict among the courts of appeal regarding whether section 1172.75 applies where a now-invalid prison prior was imposed but stayed. (See, e.g., *People v. Rhodius*, review granted Feb. 21, 2024, S283169.)

5

in the judgment. For the reasons explained in *Espino*, we conclude Avila is therefore entitled to resentencing.[6]

## DISPOSITION

The postjudgment order denying Avila's petition is reversed and the matter is remanded for the trial court to recall his sentence and resentence him pursuant to the terms of section 1172.75. Upon conclusion of the new sentencing hearing, the trial court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.


SCOTT, J.

I CONCUR:


GOODING, J.

---

[6] Although we agree with the *Espino* majority's rationale, we acknowledge the well-reasoned analysis of the dissent in that case and await the Supreme Court's guidance on this issue.

DELANEY, ACTING P.J., Concurring.

I agree with the majority that the sole issue in this case concerns the interpretation of Penal Code section 1172.75, and I agree the trial court erred in denying defendant Paul Avila III's resentencing petition.[1] I write separately because I believe the statutory analysis which compels this conclusion is different than that articulated in *People v. Espino* (2024) 104 Cal.App.5th 188, review granted October 23, 2024, S286987 (*Espino*), on which the majority relies.

"Our task when interpreting statutory language is to discern the Legislature's intent 'so as to effectuate the purpose of the law.' [Citation.] 'The statutory language itself is the most reliable indicator, so we start with the statute's words, assigning them their usual and ordinary meanings, and construing them in context. If the words themselves are not ambiguous, we presume the Legislature meant what it said, and the statute's plain meaning governs.'" (*People v. Hupp* (2023) 96 Cal.App.5th 946, 950.)

Section 1172.75 requires resentencing when a defendant's judgment includes a now-invalid prison prior sentencing enhancement "imposed" pursuant to a former version of section 667.5, subdivision (b). (§ 1172.75, subds. (a), (c).) The Attorney General argues the word imposed should be interpreted to mean imposed and executed.

On its face, section 1172.75 does not require a defendant to have been subjected to a term of imprisonment to qualify for resentencing. Rather, the statute is broadly worded to apply whenever a prior prison term enhancement was "imposed," without further qualification. (§ 1172.75, subds. (a), (c).) Had the Legislature intended to limit section 1172.75's reach to cases

---

[1] All further statutory references are to the Penal Code.

1

where the enhancement was imposed and executed, it could have expressly done so. But it did not.

When the plain language of a statute is clear, courts are not at liberty to rewrite it to conform to a presumed legislative intent which does not appear in its text. (See *Niedermeier v. FCA US LLC* (2024) 15 Cal.5th 792, 807; *Figueroa v. FCA US, LLC* (2022) 84 Cal.App.5th 708, 712). Thus, if one views "imposed" as unambiguous, the express language of section 1172.75 does not support the Attorney General's interpretation of the statute as requiring both imposition and execution of a prior prison term enhancement as a prerequisite to obtaining resentencing relief. (*Espino, supra*, 104 Cal.App.5th at p. 197, rev. granted; *People v. Mayberry* (2024) 102 Cal.App.5th 665, 676.)

Applying that understanding of the "imposed" language to a situation in which the punishment for a prison prior enhancement was stricken, a court does not impose a sentence enhancement finding. Rather, it imposes punishment for a sentence enhancement. (See *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125; *Espino, supra*, 104 Cal.App.5th at p. 204 (dis. opn. of Lie, J.), rev. granted.) Punishment cannot be stricken, unless it is first imposed. (See Merriam-Webster Dict. Online (2025) <https://www.merriam-webster.com/dictionary/impose, par. 1.a> [as of Feb. 18, 2025] archived at: <https://perma.cc/9DW6-JUF6> [defining "impose" as "to establish or apply by authority"]; Merriam-Webster Dict. Online (2025) <https://www.merriam-webster.com/dictionary/strike, par. 4> [as of Feb. 18, 2025] archived at: <https://perma.cc/MR92-TPD5> [defining "strike" as "to delete something"].) Here, the original sentencing court struck only the punishment for the enhancement and did not strike the enhancement itself. So, even though Avila was not subjected to prison time or the threat of prison time as a result

2

of the prior prison term enhancement finding, the sentence enhancement was imposed for purposes of section 1172.75 resentencing eligibility.

While the foregoing analysis is premised on the statute's plain language being unambiguous and on a certain ordinary meaning of the word imposed, I would be remiss not to recognize *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169 (*Rhodius*), and the *Espino* dissent. Both provide equally persuasive, supported, and well-reasoned argument for ascribing a different meaning to the word imposed, including cogent rationale that goes beyond the statutory language. (See *Rhodius*, at pp. 43–48, rev. granted; *Espino, supra*, 104 Cal.App.5th at pp. 202–204 (dis. opn. of Lie, J.), rev. granted.)

Among other matters, the *Espino* dissent highlights the divergent positions held by the judiciary regarding whether an enhancement for which punishment was stricken may have potential future adverse consequences, such as restricting a defendant's custody credits, and whether the Legislature intended section 1172.75 to neutralize any such potential collateral consequences. (Compare *Espino, supra*, 104 Cal.App.5th at p. 201, with *id*. at pp. 204–205 (dis. opn. of Lie, J.), rev. granted.) Relevant to those points, and the related statement by the majority in this case, any defendant who previously served a term in prison will always have that prior prison term in their history. Thus, even if the finding and punishment for an enhancement based thereon is eliminated from a particular judgment, the prior prison term has the potential for negatively impacting them in the future. (See, e.g., § 1170, subd. (b)(2) [court may impose sentence exceeding middle term of sentencing triad when "circumstances in aggravation" justify doing so]; *Chavez Zapeda v. Superior Court* (2023) 97 Cal.App.5th 65, 78 ["'circumstances in aggravation'" in § 1170, subd. (b)(2), includes factors listed

3

in Cal. Rules of Court, rule 4.421]; Cal. Rules of Court, rule 4.421 [prior prison term served by defendant is an aggravating circumstance].)

Similarly, *Rhodius* brings to light the current fundamental disagreement among appellate courts regarding whether unexecuted punishment for a prison prior enhancement adds to a defendant's sentence, such that elimination of all aspects of the enhancement will "result in a lesser sentence than the one originally imposed." (§ 1172.75, subd. (d)(1); see, e.g., *Espino, supra*, 104 Cal.App.5th at p. 197, rev. granted; *People v. Christianson* (2023) 97 Cal.App.5th 300, 312, review granted February 21, 2024, S283189; *Rhodius, supra*, 97 Cal.App.5th at pp. 43–44, rev. granted.) In this regard, I respectfully disagree that an enhancement for which punishment was originally stricken can result in an additional term of imprisonment during a future resentencing.

Roughly two years before the Legislature enacted section 1172.75, it amended section 667.5, subdivision (b), to narrow the availability of the one-year prison prior enhancement. (Stats. 2019, ch. 590, § 1.) The enhancement is now only available for prior prison terms for sexually violent offenses, which is the precise type of prison prior enhancement excluded from section 1172.75 resentencing eligibility. (§§ 667.5, subd. (b), 1172.75, subd. (a).) Accordingly, a court conducting a resentencing today could only "revive" a one-year prison prior enhancement for which punishment was previously stricken if the qualifying prior prison term was for a sexually violent offense. A court could not, now or in the future, impose punishment for a prison prior enhancement that the Legislature makes unavailable at the time of a resentencing hearing. (See *People v. Padilla* (2022) 13 Cal.5th 152, 160–163 [new laws that mitigate punishment for offense generally are presumed to apply to cases not yet final, including when prior sentence is vacated for

resentencing]; *People v. Walker* (2021) 67 Cal.App.5th 198, 205–206 & fn. 4 [except where barred by prohibition against ex post facto laws, trial court must apply law in effect at time of resentencing].)

Where, as here, the use of statutory construction tools leads to two reasonable interpretations of the statute which completely counterbalance one another, the inescapable conclusion is the statute is ambiguous in such a manner, and to such an extent, that its meaning cannot be conclusively resolved by applying rules of statutory construction. Under these unique circumstances, the rule of lenity applies, and we must adopt the interpretation most favorable to Avila—that an imposed prison prior sentence enhancement triggers application of section 1172.75's resentencing process, even if the original sentencing court ultimately struck the punishment. (See *People v. Nuckles* (2013) 56 Cal.4th 601, 611 [rule of lenity applies "'"only if the court can do no more than guess what the legislative body intended; there must be an *egregious* ambiguity and uncertainty to justify invoking the rule"'"]; *Espino, supra*, 104 Cal.App.5th at p. 201, rev. granted [rule of lenity would apply if section 1172.75 interpretations were equally strong on both sides].)

Because Avila's judgment includes a prison prior sentence enhancement that was imposed prior to January 1, 2020, within the meaning of section 1172.75, I agree Avila is entitled to resentencing.


DELANEY, ACTING P.J.


5